COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


CHERYL Y. PARRIS

                                                    MEMORANDUM OPINION*
v.        Record No. 0081-11-1               BY JUDGE JERE M.H. WILLIS, JR.
                                                         OCTOBER 18, 2011
NATASHA DOCTOR AND
 HARRVION S. CARPENTER


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

            Douglas J. Walter (Moschel, Clancy & Walter, PLLC, on brief), for
            appellant.

            No brief or argument for appellees.


      On appeal from the dismissal of her child custody petition, Cheryl Y. Parris contends the

trial court erred (1) in holding that the Commonwealth of Virginia no longer enjoys exclusive,

continuing jurisdiction of the case, (2) in holding that the Commonwealth of Virginia was not a

convenient forum, and (3) in declining jurisdiction under Code § 20-146.15.  We affirm the

judgment of the trial court.

                                     BACKGROUND

      Natasha Doctor is the mother of the child, who was born in April 2004 and is the subject

of this proceeding (the child).  Parris is the child's maternal grandmother.  On October 5, 2005,

the Hampton Juvenile and Domestic Relations District Court (the JDR court) awarded custody of

the child to Doctor.  From January 2005 until January 2006, the child lived in Hampton, Virginia

with Parris.  From January 2006 until June 2008, the child lived in Yorktown, Virginia with

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Doctor. From June 2008 until June 2010, the child lived in Charlotte, North Carolina with

Doctor. From June 2010 until the time of the JDR court hearing in August 2010, the child lived

in South Carolina with Doctor.[1]

In June 2010, the child visited Parris in Hampton, Virginia. Parris noticed that the child

had injuries, which appeared to be burn marks.[2] On June 24, 2010, she filed in the JDR court a

petition seeking custody of the child.

On August 26, 2010, the JDR court entered an order dismissing Parris' petition, holding

that Virginia was not a convenient forum under the Uniform Child Custody Jurisdiction and

Enforcement Act (UCCJEA) and declining jurisdiction. Parris appealed.

On November 23, 2010, the trial court conducted a *de novo* hearing. Doctor asserted that

Virginia did not have exclusive, continuing jurisdiction under the UCCJEA. She argued that

North Carolina was the more appropriate forum to hear the matter, even though none of the

parties, or the child, lived in North Carolina at the time of the filing of Parris' petition. Parris

argued that Virginia should assume jurisdiction over her custody petition based on Code

§§ 20-146.12 and 20-146.15.

The trial court held that Virginia did not have exclusive, continuing jurisdiction under the

UCCJEA and was not a convenient forum. It dismissed Parris' petition.

ANALYSIS

Exclusive, continuing jurisdiction

Parris argues that the trial court erred in holding that it did not have exclusive, continuing

jurisdiction under Code § 20-146.13. Code § 20-146.13(A) provides, "a court of this

---

[1] Parris lists on the petition for custody that the child's father lived in Georgia.

[2] Parris admitted on cross-examination that she was aware of a child protective services investigation in North Carolina and that there was no finding of child abuse or neglect.

Commonwealth that has made a child custody determination consistent with § 20-146.12 or § 20-146.14 has exclusive, continuing jurisdiction as long as the child, the child's parents, or any person acting as a parent continue to live in this Commonwealth."

Parris notes that Virginia previously assumed jurisdiction over the case and entered a custody order on October 5, 2005. However, at that time, the child lived in Virginia with his mother. Parris acknowledges that the parents and the child have not lived in Virginia for several years. Therefore, Virginia does not have exclusive, continuing jurisdiction under Code § 20-146.13(A).

Parris argues that Virginia had ongoing jurisdiction to hear the case under Code § 20-146.13(B), which provides, "[a] court of this Commonwealth that has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under § 20-146.12." Code § 20-146.12 provides:

> A. Except as otherwise provided in § 20-146.15, a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> 1. This Commonwealth is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
>
> 2. A court of another state does not have jurisdiction under subdivision 1, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under § 20-146.18 or § 20-146.19, and (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence and (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training, and personal relationships;

3.  All courts having jurisdiction under subdivision 1 or 2 have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under § 20-146.18 or § 20-146.19; or

4.  No court of any other state would have jurisdiction under the criteria specified in subdivision 1, 2, or 3.

Parris contends that Virginia has jurisdiction under Code § 20-146.12(A)(2) and (4).

Parris argues that no other state would qualify as the child's home state under the UCCJEA because the child no longer lives in North Carolina and had lived in South Carolina for only two months prior to the hearing in the JDR court. Therefore, she contends Virginia should have jurisdiction under Code § 20-146.12(A)(2), because the child has "a significant connection" with Virginia and there was "substantial evidence" in Virginia regarding the child. We disagree.

As the trial court noted, the child had not lived in Virginia since June 2008, and "[t]he last sate [sic] in which the child resided for a continuous six-month period was in North Carolina."

In a situation

> where a child has acquired a new residence less than six months before the commencement of a custody proceeding, thus rendering the child technically without a home state as of the date of the commencement of the proceeding, . . . the court must examine whether the child had a home state at any point within the six-month period preceding the date of filing.

Prizzia v. Prizzia, 58 Va. App. 137, 149, 707 S.E.2d 461, 466 (2011). "The purpose behind this statutory scheme is to extend a state's home state status throughout the six-month period it would take for another state to become the child's new home state." Id. at 149, 707 S.E.2d at 467.

The child was technically without a home state, since he had not lived in South Carolina for six months prior to the commencement of the custody matter. However, he had lived in North Carolina during that six-month period. Therefore, North Carolina is considered the child's home state until he has lived in another jurisdiction for the requisite six months.

- 4 -

Furthermore, there was no evidence that the child had a "significant connection" to Virginia or that there was "substantial evidence" in Virginia about the child's well-being. The record reflects that the child attended school in North Carolina and was enrolled in school in South Carolina. The only tie that the child and Doctor had to Virginia was Parris and the fact that they had previously lived in Virginia. This is not a "significant connection."

"[S]ubstantial evidence . . . concerning the child's care, protection, training, and personal relationships" is not readily available in Virginia. Any recent information regarding the child is in North Carolina and South Carolina, not in Virginia. Parris alleges that Doctor abused the child. The alleged abuse occurred in North Carolina. Any evidence and witnesses regarding the abuse would be in North Carolina. See Middleton v. Middleton, 227 Va. 82, 95, 314 S.E.2d 362, 369 (1984).

The trial court did not err in concluding that Virginia did not have exclusive, continuing jurisdiction.

### Inconvenient forum

Parris contends that the trial court erred in holding that Virginia was an inconvenient forum.

> A court of this Commonwealth that has jurisdiction under this act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or request of another court.

Code § 20-146.18(A).

In determining whether Virginia is a convenient forum, the trial court must consider several factors, including:

> 1.  Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> 2.  The length of time the child has resided outside this Commonwealth;
>
> 3.  The distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;
>
> 4.  The relative financial circumstances of the parties;
>
> 5.  Any agreement of the parties as to which state should assume jurisdiction;
>
> 6.  The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> 7.  The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> 8.  The familiarity of the court of each state with the facts and issues in the pending litigation.

Code § 20-146.18(B).

"When reviewing a determination made pursuant to this section [Code § 20-146.18], we consider whether the trial court abused its discretion in making its ruling." Swalef v. Anderson, 50 Va. App. 100, 108, 646 S.E.2d 458, 462 (2007).

The trial court's holding that Virginia was an inconvenient forum and that North Carolina was the more appropriate forum is supported by the record. The child had lived with Doctor in North Carolina for two years and thereafter in South Carolina, prior to the filing of Parris' petition. "Although there may be some witnesses in Virginia who can testify about the children's past, all of the current information regarding their care, education, relationships, and other matters is located in" North Carolina. Id. at 109, 646 S.E.2d at 462. The child last attended school in North Carolina. The alleged abuse occurred in North Carolina. The North

Carolina child protective services investigated the allegations and made no finding. The relevant information and witnesses regarding the child's recent living situation is in North Carolina.

The trial court did not abuse its discretion in determining that Virginia was an inconvenient forum.

Temporary, emergency jurisdiction

Parris argues that the trial court erred in declining jurisdiction under Code § 20-146.15 because the child was visiting Parris in Virginia when she noticed the child's injuries and filed her petition.

Code § 20-146.15(A) allows Virginia to assume temporary, emergency jurisdiction

> if the child is present in this Commonwealth and the child has been abandoned or if it is necessary in an emergency to protect the child because the child . . . is subjected to mistreatment or abuse or placed in reasonable apprehension of mistreatment or abuse or there is reasonable apprehension that such person is threatened with mistreatment or abuse.

Parris argued that Virginia should exercise jurisdiction under Code § 20-146.15. She testified about the injuries that she observed on the child when he was visiting her in Virginia, and she submitted photographs to corroborate her testimony. She also acknowledged that there was no finding of abuse or neglect by child protective services in North Carolina.

The trial court did not address Parris' argument that it should assume jurisdiction under Code § 20-146.15. Parris did not file a motion to reconsider to ask the trial court to rule on whether it had jurisdiction under Code § 20-146.15. Therefore, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). We will not consider this argument.

CONCLUSION

The judgment of the trial court is affirmed.

Affirmed.